IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FALON BROWNLEE o.b.o. B.H., | ) |
| Claimant, | ) No. 18 C 3483 |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

Claimant Falon Brownlee's Renewed Motion for Attorney Representation is denied. [ECF No. 28]. See Statement below for further details. If Claimant wishes to file a reply in further support of her request that the Court set aside the decision of the Commissioner [ECF No. 21], she may do so on or before April 18, 2019. If Claimant does not file anything by that date, the Court will decide the case based upon the filings already of record. *See* [ECF Nos. 14, 18, 21, 25 and 28].

## STATEMENT

This case is before the Court on Claimant Falon Brownlee's Renewed Motion for Attorney Representation. [ECF No. 28]. "'Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405.'"[1] *Rice v. Astrue*, 2008 WL 4099109, *1 (N.D. Ind. Sept. 3, 2008) (quoting *Kirkpatrick v. Astrue*, 2008 WL 879407, at *1 (W.D.La. Mar. 31, 2008)). Thus, the district court must look to the more general authority of 28 U.S.C. § 1915 to consider a plaintiff's request for court-appointed counsel. *Id.*; 28 U.S.C. § 1915(e)(1).

Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant, and the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt*, 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Pruitt*, 503 F.3d at 654-55. The second prong of this test comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Pruitt*, 503 F.3d at 655. Stated

---

[1] No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656–57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995).

another way, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

In this case, the first prong of whether Claimant has made a reasonable attempt to obtain counsel on her own still remains an open question. With respect to her attempts to obtain counsel, Claimant's recent filing says she contacted Nash "and several other Attorneys" who are not named. [ECF No. 28]. She also says that "Nash disability has now giving [sic] me other options in gaining representation to aid me in this case. I thank them for extending a helping hand. This is something that I did not get before." [ECF No. 28]. This still is not enough. If Claimant currently is pursuing the avenues that Nash recommended, perhaps it is premature to find she has exhausted her efforts to obtain counsel on her own? The Court would need more information to determine whether plaintiff has met her burden on the first prong of the analysis.

Nevertheless, the Court will proceed to the second prong of the inquiry—the difficulty of the claims and Claimant's competence to litigate them herself. As to the difficulty of the case, this case involves a relatively straightforward appeal of a denial of disability benefits under the Social Security Act, which "'by nature is not unduly complex.'" *Rice*, 2008 WL 4099109, *1 (quoting *Kirkpatrick v. Astrue*, 2008 WL 879407, at *1); *see also Bara v. U.S. Comm'r of Soc. Sec.*, 1998 WL 135606, at *2 (N.D.Ill. Mar. 11, 1998). This case will be decided based on the administrative record and after consideration of the parties' arguments, and there will not be any trial. *Rice*, 2008 WL 4099109, *1. Therefore, skill and experience in the presentation of evidence or cross-examination of witnesses are not required. *Id.* Thus, the Court's analysis of the first factor – the difficulty of her claim – cuts against Claimant's request for counsel here.

With respect to the second factor – Claimant's competence to litigate the claim herself – Claimant has filed a number of documents that together outline the reasons she feels the Court should overturn the Commissioner's decision. [ECF Nos. 14, 21, 25 and 28]. Her filings are clear, and Claimant cogently has articulated and advocated her position that the Commissioner's decision should be overturned. The Commissioner has filed a response to Claimant's filings. In the Court's view, Claimant has shown she is competent to litigate this claim herself and she therefore also fails to satisfy the second prong of the inquiry under 28 U.S.C. § 1915(e)(1).

For all of these reasons, the Court concludes this is not a case that merits assignment of a lawyer for Claimant on a pro bono basis at this time. If Claimant wants to file a reply to what the Commissioner filed, she can do so by April 25, 2019. If Claimant does not file anything else, the Court will decide the case based on the current record.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 28, 2019